IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Malikie Innovations Ltd.** | § § § | |
| **Plaintiff** | § § | |
| v. | § § | **CIVIL ACTION NO. _____** |
| | § § | |
| **D-Link Corporation** | § § | **JURY TRIAL DEMANDED** |
| | § § | |
| **Defendant.** | | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Malikie Innovations Limited ("Plaintiff" or "Malikie"), by and through its undersigned counsel, brings this complaint for patent infringement and damages against Defendant D-Link Corporation ("D-Link" or "Defendant") and would respectfully show the Court as follows:

**PARTIES**

1.  Malikie is the successor-in-interest to a substantial patent portfolio created by Blackberry Ltd., formerly known as Research in Motion Ltd., and its predecessor, subsidiary, and affiliate companies (collectively, "Blackberry"). Malikie is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Malikie is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2.  On information and belief, D-Link is a corporation duly organized and existing under the laws of the Republic of China ("ROC" or "Taiwan") with its headquarters at No.289, Xinhu 3rd Rd., Neihu District, Taipei City, Taiwan.

3. On information and belief, Defendant D-Link and/or its employees or officers direct and/or control the actions of its direct and indirect subsidiaries. On information and belief, D-Link and/or its employees or officers direct and/or control the actions of these entities by, for example, inducing and contributing to the actions complained of herein. D-Link and its affiliates are part of the same corporate structure and distribution chain for making, importing, offering to sell, selling, and/or using the accused devices in the United States, including in the State of Texas generally and this judicial district in particular. One of its American affiliates is D-Link Systems, Incorporated.

4. D-Link and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

5. D-Link and its affiliates regularly contract with customers regarding products made for or on behalf of those customers.

6. D-Link and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

## PATENTS IN SUIT AND NOTICE TO DEFENDANT

7. Malikie is the assignee of and owns all right and title to U.S. Patent Nos. 8,583,980 (the "'980 Patent"); 9,313,065 (the "'065 Patent"); RE48,212 (the "'212 Patent") and 8,879,994 (the "'994 Patent") (collectively, the "Asserted Patents").

8. The Asserted Patents were developed by inventors working for Blackberry and its predecessors. Blackberry developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to wireless local area networks (WLAN), signal structure, error correction, space-time coding, authentication, and the secure pairing of devices.

9. The '980 Patent, entitled "Low Density Parity Check (LDPC) Code" was duly and lawfully issued on November 12, 2013. A true and correct copy of the '980 Patent is attached hereto as Exhibit 1.

10. The '980 Patent has been in full force and effect from its issuance. Malikie owns by assignment the entire right and title in and to the '980 Patent, including the right to seek damages for any infringement thereof.

11. The '065 Patent, entitled "Scattered Pilot Pattern and Channel Estimation Method for MIMO-OFDM Systems" was duly and lawfully issued on April 12, 2016. A true and correct copy of the '065 Patent is attached hereto as Exhibit 2.

12. The '065 Patent has been in full force and effect from its issuance until its expiration. Malikie owns by assignment the entire right and title in and to the '065 Patent, including the right to seek damages for any infringement thereof.

13. The '212 Patent, entitled "Structured Low-Density Parity-Check (LDPC) Code" was duly and lawfully issued on September 15, 2020. A true and correct copy of the '212 Patent is attached hereto as Exhibit 3.

14. The '212 Patent has been in full force and effect from its issuance. Malikie owns by assignment the entire right and title in and to the '212 Patent, including the right to seek damages for any infringement thereof.

15. The '994 Patent, entitled "Methods and Devices for Facilitating Bluetooth Pairing Using a Camera as a Barcode Scanner" was duly and lawfully issued on November 4, 2014. A true and correct copy of the '994 Patent is attached hereto as Exhibit 4.

16. The '994 Patent has been in full force and effect from its issuance. Malikie owns by assignment the entire right and title in and to the '994 Patent, including the right to seek damages for any infringement thereof.

17. Blackberry, as the previous owner of the Asserted Patents, contacted D-Link and its representatives on or about October 1, 2020, to notify D-Link of its infringement of numerous patents (including the '980, '065, and '212 Patents).

18. Blackberry offered D-Link the chance to license any Standard Essential Patents ("SEPs"), including those covering IEEE 802.11 standards, on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms. D-Link did not respond to Blackberry.

19. Blackberry reached out again on or about November 9, 2020, and again on or about January 4, 2021, noting that D-Link's refusal to engage in licensing discussions would cause it to forfeit its FRAND protections. Again, D-Link did not respond.

20. Malikie itself then contacted D-Link and its representatives on or about October 4, 2023, to notify D-Link of its infringement of numerous patents (including the '980, '065, and '212 Patents). Malikie sent additional correspondence to D-Link on several occasions, including on or about October 6, 2023; November 3, 2023; December 6, 2023; December 13, 2023; and February 22, 2024. In its February 22, 2024, correspondence, Malikie offered a specific FRAND royalty rate for all patents essential to the IEEE 802.11 standards or that otherwise fall within the commitments to IEEE made by the owner of the patents at the time. Malikie also again confirmed that it was willing to discuss any additional patents that may be of interest to D-Link. Here too, D-Link did not respond.

## JURISDICTION AND VENUE

21. Malikie re-alleges and incorporates herein by reference the foregoing paragraphs of its Complaint.

22. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

23. This District has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas. In addition, or in the alternative, this Court has personal jurisdiction over D-Link pursuant to Fed. R. Civ. P. 4(k)(2).

24. Malikie's causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed at this District and the State of Texas.

25. Defendant has infringed the Asserted Patents within this District and the State of Texas by making, using, selling, licensing, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Defendant, directly and through intermediaries, makes, uses, sells, licenses, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of

conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

26.     For example, D-Link's United States' website states in its Terms of Use that "D-Link Corporation and its family of companies … are devoted to providing the best products and Services for customers," which customers include those in this Judicial District and the State of Texas.[1]

27.     As a further example, D-Link has represented to the FCC that it is the manufacturer and applicant for registrations for the sale and use of various products, including products that infringe the Asserted Patents in the United States.

28.     This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*, the Texas Long Arm Statute.

29.     A court in the Eastern District of Texas has previously rejected D-Link's argument that there is no personal jurisdiction over D-Link, in part because D-Link places its products (such as Wi-Fi products including products accused of infringement in this case) into the stream of commerce knowing that the United States, including Texas, is the likely destination of such products. *See Am. Patents LLC v. D-Link Corp.*, Civil Action No. 4:19-cv-764, 2020 U.S. Dist. LEXIS 123158, at *8-*14 (E.D. Tex. July 14, 2020).

30.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) because, *inter alia*, D-Link is a foreign corporation.

31.     Defendant is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States and has committed acts

---

[1] *See* https://shop.us.dlink.com/policies/terms-of-service; *see also* https://www.dlink.com/us/en/for-business/where-to-buy (listing D-Link's "Partners" in Texas).

of infringement in this District. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, maintains a permanent and/or continuing presence within this District, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, Defendant has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## **FIRST CLAIM**

### **(Infringement of the '980 Patent)**

32. Malikie re-alleges and incorporates herein by reference the foregoing paragraphs of its Complaint.

33. The '980 Patent is generally directed to methods for decoding low-density parity-check (LDPC) encoded data.

34. Defendant has been on notice of the '980 Patent and a specific factual basis for its infringement of the '980 Patent since at least October 1, 2020. On information and belief, Defendant did not take any action to stop its infringement.

35. Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 17 of the '980 Patent, by making, using, selling, offering for sale, and/or importing Wi-Fi router devices compliant with IEEE 802.11 standards (excluding any products licensed under the '980 Patent), such as the D-Link WiFi Router AC1200 MU-MIMO. An exemplary claim chart concerning one way in which D-Link infringes claim 17 of the '980 Patent is attached as Exhibit 5.

36. Defendant has also indirectly infringed, and continues to indirectly infringe, the '980 Patent under 35 U.S.C. § 271(b) and (c).

37. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 17 of the '980 Patent, and continues to do so, by, for example, selling and promoting the use of its Wi-Fi router devices compliant with IEEE 802.11 standards. *See* Exhibit 5.

38. Defendant has also contributed to the direct infringement of at least claim 1 of the '980 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '980 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendant provides, owns, operates, sells, offers to sell, and/or imports Wi-Fi router devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 5) that are not a staple article of commerce and are incapable of substantial noninfringing use.

39. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

### SECOND CLAIM

### (Infringement of the '065 Patent)

40. Malikie re-alleges and incorporates herein by reference the foregoing paragraphs of its Complaint.

41. The '065 Patent is generally directed to a method and apparatus for reducing the number of pilot symbols within a MIMO-OFDM communication system, and for improving channel estimation within such a system.

42. Defendant has been on notice of the '065 Patent and a specific factual basis for its infringement of the '065 Patent since at least October 1, 2020. On information and belief, Defendant did not take any action to stop its infringement.

43. Defendant has, under 35 U.S.C. § 271(a), directly infringed literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '065 Patent, by making, using, testing, selling, offering for sale, and/or importing Wi-Fi router devices compliant with IEEE 802.11 standards (excluding any products licensed under the '065 Patent), such as the D-Link AC3200 Ultra Wi-Fi Modem Router. An exemplary claim chart concerning one way in which D-Link has infringed claim 1 of the '065 Patent is attached as Exhibit 6.

44. Defendant has also indirectly infringed the '065 Patent under 35 U.S.C. § 271(b) and (c).

45. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '065 Patent by, for example, selling and offering access to Wi-Fi router devices compliant with IEEE 802.11 standards. *See* Exhibit 6.

46. Defendant has also contributed to the direct infringement of at least claim 1 of the '065 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '065 Patent, a material part of a claimed invention, where the material part was not a staple article of commerce and was incapable of substantial noninfringing use. For example, Defendant has provided, owned, operated, sold, offered to sell, and/or imported Wi-Fi router devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 6) that were not a staple article of commerce and were incapable of substantial noninfringing use.

47. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## THIRD CLAIM

### (Infringement of the '212 Patent)

48. Malikie re-alleges and incorporates herein by reference the foregoing paragraphs of its Complaint.

49. The '212 Patent is generally directed to a method for constructing a low-density parity-check (LDPC) code using a structured base parity check matrix with permutation matrix, pseudo-permutation matrix, or zero matrix as constituent sub-matrices; and expanding the structured base parity check matrix into an expanded parity check matrix.

50. Defendant has been on notice of the '212 Patent and a specific factual basis for its infringement of the '212 Patent since at least October 1, 2020. On information and belief, Defendant did not take any action to stop its infringement.

51. Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 13 of the '212 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including Wi-Fi router devices compliant with IEEE 802.11 standards (excluding any products licensed under the '212 Patent), such as the D-Link EAGLE PRO AI WiFi 6 AX3200 Gigabit Smart Mesh Router. An exemplary claim chart concerning one way in which D-Link infringes claim 13 of the '212 Patent is attached as Exhibit 7.

52. Defendant has also indirectly infringed, and continues to indirectly infringe, the '212 Patent under 35 U.S.C. § 271(b) and (c).

53. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 13 of the '212 Patent, and continues to do so, by, for example, selling and offering access to Wi-Fi router devices compliant with IEEE 802.11 standards. *See* Exhibit 7.

54. Defendant has also contributed to the direct infringement of at least claim 1 of the '212 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '212 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendant provides, owns, operates, sells, offers to sell, and/or imports Wi-Fi router devices compliant with IEEE 802.11 standards (such as that shown in Exhibit 7) that are not a staple article of commerce and are incapable of substantial noninfringing use.

55. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

## FOURTH CLAIM

### (Infringement of the '994 Patent)

56. Malikie re-alleges and incorporates herein by reference the foregoing paragraphs of its Complaint.

57. The '994 Patent is generally directed to devices and methods for facilitating a Bluetooth pairing between a first device and a second device.

58. Defendant has been on notice of the '994 Patent and a specific factual basis for its infringement of the '994 Patent since at least the date of this Complaint. On information and belief, Defendant has not taken any action to stop its infringement.

59. Defendant has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '994 Patent, by making, using, testing, selling, offering for sale, and/or importing software and devices for facilitating Bluetooth pairing between a first device and a second device, such as the mydlink software and associated devices (excluding any products licensed under the '994 Patent). An exemplary claim chart concerning one way in which D-Link infringes claim 1 of the '994 Patent is attached as Exhibit 8.

60. Defendant has also indirectly infringed, and continues to indirectly infringe, the '994 Patent under 35 U.S.C. § 271(b) and (c).

61. Defendant has knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '994 Patent, and continues to do so, by, for example, selling and offering access to mydlink software and associated devices.  *See* Exhibit 8.

62. Defendant has also contributed to the direct infringement of at least claim 1 of the '994 Patent under 35 U.S.C. § 271(c), and continues to do so, by, for example, supplying, with knowledge of the '994 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Defendant provides, owns, operates, sells, offers to sell, and/or imports mydlink software and associated devices (such as that shown in Exhibit 8) that are not a staple article of commerce and are incapable of substantial noninfringing use.

63. Defendant's infringement has been willful in view of the above and its failure to take any action, even after being put on notice, to stop its infringement or inducement of, or contribution to, infringement by others.

### **PRAYER FOR RELIEF**

WHEREFORE, Malikie prays for judgment against D-Link as follows:

A. That D-Link has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the Asserted Patents;

B. That D-Link's infringement of one or more of the Asserted Patents has been willful;

C. That D-Link pay Malikie damages adequate to compensate Malikie for D-Link's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D. That D-Link pay prejudgment and post-judgment interest on the damages assessed;

E. That D-Link pay Malikie enhanced damages pursuant to 35 U.S.C. § 284;

F. That D-Link be enjoined from infringing the '994 patent, or if its infringement is not enjoined, that D-Link be ordered to pay ongoing royalties to Malikie for any post-judgment infringement of the '994 Patent;

G. That D-Link be ordered to pay ongoing royalties to Malikie for any post-judgment infringement of the '980 and '212 Patents.

H. That this is an exceptional case under 35 U.S.C. § 285; and that D-Link pay Malikie's attorneys' fees and costs in this action; and

I. That Malikie be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Malikie hereby demands a trial by jury on all issues triable to a jury.

Dated April 12, 2024                    Respectfully submitted,

*/s/ Patrick Colsher with permission Andrea L. Fair*
Matthew G. Berkowitz
Patrick Colsher – LEAD ATTORNEY
Aaron L. Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Khue V. Hoang
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

Naveed S. Hasan
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7305
nhasan@reichmanjorgensen.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063

WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff*